# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **Ellis Everett**, | |
| *Plaintiff,* | Case No.: |
| v. | Ad Damnum: **$2,000 + Fees and Costs** |
| **Alpha Recovery Corp. of Colorado and First Portfolio Ventures I, LLC** | **JURY TRIAL DEMANDED** |
| *Defendants.* | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, **Ellis Everett** ("**Mr. Everett**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, **Alpha Recovery Corp. of Colorado,** also known as **Alpha Recovery Corp.** ("**Alpha**"), and **First Portfolio Ventures I, LLC** ("**First Portfolio**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Everett against the Defendants for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et seq.* ("**FDCPA**") and the *Florida Consumer Collection Practices Act*, Section 559.55, *et seq.*, Florida Statutes ("**FCCPA**").

## JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FDCPA, 15 U.S.C. §1692k(d), and 28 U.S.C § 1331.

3. This Court has supplemental jurisdiction for Mr. Everett's state law claims pursuant to 28 U.S.C. § 1367.

4. Alpha is subject to the provisions of the FDCPA and the FCCPA, and to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes, and Fed. R. Civ. P. 4(k).

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because the acts complained of were committed and / or caused by the Defendants therein.

## PARTIES

### Mr. Everett

6. **Mr. Everett** is a natural person residing in Wimauma, Hillsborough County, Florida, and a *Consumer* as defined by the FDCPA, 15 U.S.C. §1692a(3), and the FCCPA, Section 559.55(8), Florida Statutes.

### Alpha

7. **Alpha** is a Colorado corporation with a primary business address of **6912 S. Quentin St., Suite 10, Centennial, CO 80112**.

8. Alpha's Florida Registered Agent is **NRAI Services, Inc., 1200 South Pine Island Rd., Plantation, FL 33324.**

### First Portfolio

9. **First Portfolio** is a Delaware corporation with a primary business address of **3091 Governors Lake Dr., Suite 500, Peachtree Corners, GA 30071**.

10. First Portfolio's Florida Registered Agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.**

### DEFENDANTS ARE DEBT COLLECTORS

11. The Defendants are *Debt Collectors* within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and the FCCPA, Section 559.55(7), Florida Statutes, in that they use instrumentalities of commerce, including postal mail, telephone, the internet, and/or e-mail, interstate and within the State of Florida, for their businesses, the principal purposes of which are the collection of debts, and/or they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Alpha is licensed as a *Consumer Collection Agency* ("**CCA**") by the Florida Office of Financial Regulation, holding license number **CCA9901959. SEE PLAINTIFF'S EXHIBIT A.**

13. First Portfolio is also licensed as a CCA, holding license number **CCA9904052. SEE PLAINTIFF'S EXHIBIT B.**

14. As licensed CCAs, the Defendants know or should know their obligations under the FDCPA and the FCCPA.

## FACTUAL ALLEGATIONS

15. At some point in the past, Mr. Everett required emergency medical treatment and was examined at Erlanger Baroness Hospital ("**Erlanger**").

16. Erlanger later claimed Mr. Everett incurred a medical debt of $992.84 for charges not covered by insurance (the "**Debt**").

17. Sometime after this, Erlanger sold or otherwise assigned the Debt to First Portfolio, or to some other unknown successor-in-interest who then re-sold the Debt to First Portfolio.

18. Sometime prior to June 27, 2020, First Portfolio placed or assigned the Debt for collection with Alpha.

19. When assigning the debt to Alpha for collection, First Portfolio communicated information to Alpha, including the amount of the Debt, the original creditor, the date of delinquency, the nature of the Debt, the fact Mr. Everett had been treated by a particular medical provider, the date of last payment, Mr. Everett's personal contact information, and other information.

20. Mr. Everett never consented to the disclosure of information about the Debt to Alpha – an unrelated third party.

21. Alpha are not attorneys for First Portfolio, nor has the Debt been reduced to judgment at any point, nor is Alpha a consumer reporting agency.

22. Thus, First Portfolio disclosed information about Mr. Everett, his status as a debtor, and other information in violation of 15 U.S.C. § 1692c(b). See

*Hunstein v. Preferred Collection & Mgmt. Servs.*, No. 8:19-cv-983 (11th Cir. April 21, 2021).

23. Upon receiving placement of the Debt from First Portfolio, Alpha sent several collection letters to Mr. Everett, including one dated June 27, 2020. **SEE PLAINTIFF'S EXHIBIT C.**

24. Rather than prepare and mail a collection letter on its own, Alpha sent information to a commercial mail house in or around Oaks, Pennsylvania ("**mail house**").

25. Alpha disclosed to the mail house:

   a. Mr. Everett's status as a debtor,

   b. the fact he supposedly owed $992.84 to Erlanger,

   c. the fact the Debt concerned medical treatment, and

   d. other highly personal pieces of information.

26. The mail house then populated some or all of this information into a pre-written template, printed, and mailed the letter from Pennsylvania to Mr. Everett's residence in Florida. *Id.*

27. The term *Communication* is defined in the FDCPA, 15 U.S.C. §1692a(3), as "the conveying of information regarding a debt directly or indirectly to any person through any medium," which includes sending an electronic file containing information about Mr. Everett's purported debt to a mail house.

28. Alpha's communication to the mail house was in connection with the collection of a Debt since it involved disclosure of the Debt to a third-party with instructions to produce a collection letter and mail it to Mr. Everett, the consumer, with the objective that the correspondence would motivate the consumer to pay some or all of the alleged Debt.

29. This mail house is a distinct entity not owned by Alpha.

30. This mail house is not a consumer reporting agency as referenced in 15 U.S.C. § 1692c(b).

31. This mail house is not an attorney as referenced in 15 U.S.C. § 1692c(b).

32. Mr. Everett never consented to having his personal and confidential information, concerning the Debt or otherwise, shared with any mail house.

33. 15 U.S.C. § 1692c(b) states that:

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the <u>consumer</u>, his <u>attorney</u>, a <u>consumer reporting agency</u> if otherwise permitted by law, the <u>creditor</u>, the <u>attorney of the creditor</u>, or the <u>attorney of the debt collector</u>." (emphasis added).

34. The mail house used by Alpha as part of its debt collection effort against Mr. Everett does not fall within any of the categories listed within 15 U.S.C. § 1692c(b).

35. Due to Alpha's communication to this mail house, information about Mr. Everett, including his name, medical issues, treatment dates, and the amount he supposedly owes as a result, are all within possession of a third party not expressly listed within 15 U.S.C. § 1692c(b).

36. If a debt collector "conveys information regarding the debt to a third party – informs the third party that the debt exists or provides information about the details of the debt – then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

37. Communications from debt collectors to mailhouses are not exempt from the provisions of 1692c(b) and are "in connection with" the collection of a debt. See *Hunstein*.

38. Alpha devised this strategy of communicating to a third-party mail house so that it could churn out more collection letters than if it kept all of the work "in house."

39. This mail house strategy allowed Alpha to generate more profit and gain an advantage over competitors.

40. In reckless pursuit of these business advantages, Alpha disregarded the known, negative effects that disclosing sensitive medical information to an unauthorized third party would have on a consumer.

41. The Defendants' unauthorized and prohibited communications caused Mr. Everett, a consumer who highly values his privacy, significant

emotional distress since his confidential, legally protected medical and personal information had been unlawfully disseminated to third parties.

42. Mr. Everett has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

## COUNT I
## VIOLATIONS OF THE FDCPA

43. Mr. Everett adopts and incorporates paragraphs 1 – 42 as if fully stated herein.

44. Alpha, acting as First Portfolio's agent, violated **15 U.S.C. § 1692c(b)** when it disclosed information about Mr. Everett's purported Erlanger debt to an unauthorized third-party mail house and the employees of that mail house in connection with the collection of the Debt.

45. First Portfolio violated **15 U.S.C. § 1692c(b)** in that it communicated information about the Debt to Alpha, a third party, without Mr. Everett's consent or other permissible purpose, and Alpha was not an attorney for the creditor, the creditor, an attorney for First Portfolio, or a consumer reporting agency.

46. Alpha, as agent for First Portfolio, violated **15 U.S.C. § 1692f** by using unfair means in connection with the collection a debt, to wit, knowingly disclosing sensitive medical and personal information about Mr. Everett to third parties not expressly authorized under the FDCPA.

47. The Defendants' conduct renders them liable for the above-stated violations of the FDCPA, and Mr. Everett is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

48. The Defendants intentionally made these communications in order to gain an advantage over other debt collectors and generate additional profits.

**WHEREFORE,** Mr. Everett respectfully requests this Honorable Court enter judgment against Alpha and First Portfolio, jointly and severally, for:

a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. §1692k(a)(2)(A);

b. Unspecified actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA

49. Ms. Everett adopts and incorporates paragraphs 1 – 42 as if fully stated herein.

50. Alpha, as agent for First Portfolio, violated **Section 559.72(5), Florida Statutes**, when it disclosed to the Pennsylvania mailhouse, a third party, information that would affect Mr. Everett's reputation, specifically details about his medical issues and purported unpaid bills. Alpha was aware that there was no legitimate business *need* to convey this information, since Alpha could easily have

prepared and mailed the letter itself without any need to disclose the information to a third party.

51. Instead, Alpha *intentionally decided* to disclose this information to the Pennsylvania mailhouse as part of its debt collection effort against Mr. Everett because it allowed Alpha to gain a competitive advantage over the competition through increased profit margins.

52. The Defendants' conduct renders them liable for the above-stated violations of the FCCPA, and Mr. Everett is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

**WHEREFORE,** Mr. Everett respectfully requests this Honorable Court enter judgment against Alpha and First Portfolio, jointly and severally, for:

a. Statutory damages of **$1,000.00** pursuant to Section 559.77(2), Florida Statutes;

b. Unspecified actual damages pursuant to Section 559.77(2), Florida Statutes;

c. Injunctive relief preventing the Defendants from making any further communications to the unauthorized third party when attempting to collect a consumer debt.

d. Reasonable costs and attorneys' fees pursuant to Section 559.77(2), Florida Statutes; and,

e. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Everett hereby demands a jury trial on all issues so triable.

Respectfully submitted April 23, 2021, by:

**SERAPH LEGAL, P.A.**

*/s/ Brandon D. Morgan*
Brandon D. Morgan, Esq.
FL Bar #: 1015954
BMorgan@SeraphLegal.com

*/s/ Thomas M. Bonan*
Thomas M. Bonan, Esq.
FL Bar #: 118103
TBonan@SeraphLegal.com

1614 N. 19th St.
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**
A    Alpha's Florida CCA License Record
B    First Portfolio's Florida CCA License Record
C    Alpha's Collection Letter to Plaintiff, Dated June 27, 2020